ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2012 JUN 12  PM 3: 21

DEPUTY CLERK _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

CHIBUEZE C. ANAEME,      )        Case No.:
                         )
        Plaintiff,       )
                         )      **8 - 12 CV - 1820 M**
                         )
    vs.                  )
                         )        COMPLAINT FOR DAMAGES.
UNITED STATES OF AMERICA, )
                         )
        Defendant.       )
                         )
ALLIED SECURITY HOLDINGS, L.L.C., )
a.k.a ALLIEDBARTON SECURITY
SERVICES.

ALLIEDBARTON SECURITY SERVICES, LP.

BLACKSTONE PRIVATE EQUITY.

THE BLACKSTONE GROUP, LP.

STATE OF CALIFORNIA.

SAN DIEGO COUNTY, CALIFORNIA.

CITY OF SAN DIEGO, CALIFORNIA.

SAN DIEGO POLICE DEPARTMENT, SAN

DIEGO, CALIFORNIA.

OFFICE OF THE CITY ATTORNEY, CITY OF

SAN DIEGO, CALIFORNIA.

CLAIREMONT TOWN SQUARE

MANAGEMENT, SAN DIEGO,

CALIFORNIA.

OFFICE OF COUNTY COUNSEL, SAN

1

DIEGO COUNTY, CALIFORNIA.

)

_____

TERRI WHITE
Individually and in his capacity as Security Officer, AlliedBarton Security Services, San Diego, California, United States of America hereinafter, "U.S.A" and as pertains to Superior Court of California, San Diego Case No. M080964.

ROBERT CROSS
Individually and in his capacity as Security Officer, AlliedBarton Security Services, San Diego, California, U.S.A and as pertains to Superior Court of California, San Diego Case No. M080964.

JOHN COULSON
Individually and in his capacity as Security Officer, AlliedBarton Security Services, San Diego, California, U.S.A.

WOODINGTON(MR)
Individually and in his capacity as Security Officer, AlliedBarton Security Services, San Diego, California, U.S.A.

MELVIN THOMASON
Individually and in his capacity as Security Officer, AlliedBarton Security Services, San Diego, California, U.S.A.

JOHN DOE LIEUTENANT
Individually and in his capacity as Security Officer, AlliedBarton Security Services, San Diego, California, U.S.A.

BUD E. BRADLEY
Individually and in his capacity as Vice President of Operations, Allied Security Holdings, L.L.C., Eight Tower Bridge, 161 Washington St, Suite 600, Conshohocken, PA 19428, U.S.A.

WILLIAM A. TORZOLINI
Individually and in his capacity as Chief Financial Officer, Senior Vice President and Manager, AlliedBarton Security Services, AlliedBarton Security Services, LP., Allied Security Holdings, L.L.C., Eight Tower Bridge, 161 Washington St, Suite 600, Conshohocken, PA 19428, U.S.A.

WILLIAM C. WHITMORE
Individually and in his capacity as President, Chairman of the Board, Chief Executive Officer, Manager, AlliedBarton Security Services, LP, Allied Security Holdings, L.L.C., Eight Tower Bridge, 161 Washington St, Suite 600, Conshohocken, PA 19428, U.S.A.

JACK KEANE

Individually and in his capacity as Board of Managers, AlliedBarton Security Services, LP, Allied Security Holdings, L.L.C., Eight Tower Bridge, 161 Washington St, Suite 600, Conshohocken, PA 19428, U.S.A.

MICHAEL J. REGAN
Individually and in his capacity as Board of Managers, AlliedBarton Security Services, LP, Allied Security Holdings, L.L.C., Eight Tower Bridge, 161 Washington St, Suite 600, Conshohocken, PA 19428, U.S.A.

DAVID I'BUCHMAN
Individually and in his capacity as Manager, AlliedBarton Security Services, LP, Allied Security Holdings, L.L.C., Eight Tower Bridge, 161 Washington St, Suite 600, Conshohocken, PA 19428, U.S.A.

JOE CUNNEEN
Individually and in his capacity as Vice President, AlliedBarton Security Services, LP, Allied Security Holdings, L.L.C., Eight Tower Bridge, 161 Washington St, Suite 600, Conshohocken, PA 19428, U.S.A.

ANN DIBBLE
Individually and in her capacity as Director, AlliedBarton Security Services, LP, Allied Security Holdings, L.L.C., Eight Tower Bridge, 161 Washington St, Suite 600, Conshohocken, PA 19428, U.S.A.

PAUL LICONI
Individually and in his capacity as Vice President Finance, AlliedBarton Security Services, LP, Allied Security Holdings, L.L.C., Eight Tower Bridge, 161 Washington St, Suite 600, Conshohocken, PA 19428, U.S.A.

LAWRENCE F. LOESCH
Individually and in his capacity as General Manager, AlliedBarton Security Services, LP, Allied Security Holdings, L.L.C., Eight Tower Bridge, 161 Washington St, Suite 600, Conshohocken, PA 19428, U.S.A.

FONNIE REAGAN
Individually and in his/her capacity as Programmer Analyst, AlliedBarton Security Services, LP, Allied Security Holdings, L.L.C., Eight Tower Bridge, 161 Washington St, Suite 600, Conshohocken, PA 19428, U.S.A.

ELIZABETH RITTS
Individually and in her capacity as Vice President Information Services, AlliedBarton Security Services, LP, Allied Security Holdings, L.L.C., Eight Tower Bridge, 161 Washington St, Suite 600, Conshohocken, PA 19428, U.S.A.

STEVE SOMERS

Individually and in his capacity as Vice President, AlliedBarton Security Services, LP, Allied Security Holdings, L.L.C., Eight Tower Bridge, 161 Washington St, Suite 600, Conshohocken, PA 19428, U.S.A.

THOMAS C. WALTON
Individually and in his capacity as Vice President, AlliedBarton Security Services, LP, Allied Security Holdings, L.L.C., Eight Tower Bridge, 161 Washington St, Suite 600, Conshohocken, PA 19428, U.S.A.

STEVEN A. SCHWARZMAN
Individually and in his capacity as Chairman, Chief Executive Officer and co-founder, The Blackstone Group, LP., Blackstone Private Equity, 345 Park Ave, 31st Floor, New York, NY 10154, U.S.A and as pertains to Superior Court of California, San Diego Case No. M080964.

HAMILTON E. JAMES
Individually and in his capacity as President and Chief Operating Officer, The Blackstone Group, LP., 345 Park Ave, 31st Floor, New York, NY 10154, U.S.A.

J.TOMILSON HILL
Individually and in his capacity as Vice Chairman, The Blackstone Group, President and Chief Executive Officer Blackstone Marketable Alternative Asset Management, 345 Park Ave, 31st Floor, New York, NY 10154, U.S.A.

TIMOTHY COLEMAN
Individually and in his capacity as Senior Managing Director and Head of Restructing and Reorganization, The Blackstone Group, LP., 345 Park Ave, 31st Floor, New York, NY 10154, U.S.A.

JOHN G. FINLEY
Individually and in his capacity as Senior Managing Director and Chief Legal Officer,  The Blackstone Group, LP., 345 Park Ave, 31st Floor, New York, NY 10154, U.S.A and as pertains to Superior Court of California, San Diego Case No. M080964.

BENNETT J. GOODMAN
Individually and in his capacity as Senior Managing Director, The Blackstone Group, LP., Blackstone Private Equity, 345 Park Ave, 31st Floor, New York, NY 10154, U.S.A.

JONATHAN D. GRAY
Individually and in his capacity as Senior Managing Director and Co-Head of Real Estate, The Blackstone Group, LP., 345 Park Ave, 31st Floor, New York, NY 10154, U.S.A.

GARRETT M. MORAN
Individually and in his capacity as Senior Managing Director and Chief Operating Officer of Private Equity, The Blackstone Group, LP., Blackstone Private Equity, 345 Park Ave, 31st Floor, New York, NY 10154, U.S.A.

CHAD R. PIKE
Individually and in his capacity as Senior Managing Director and Head of Real Estate , The
Blackstone Group, LP., 345 Park Ave, 31st Floor, New York, NY 10154, U.S.A.

JOAN SOLOTAR
Individually and in her  capacity as Senior Managing Director and Head of Public Markets, The
Blackstone Group, LP., Blackstone Private Equity, 345 Park Ave, 31st Floor, New York, NY
10154, U.S.A.

JOHN STUDZINSKI
Individually and in his capacity as Senior Managing Director and Head OF Public Markets, The
Blackstone Group, LP., 345 Park Ave, 31st Floor, New York, NY 10154, U.S.A.

LAURENCE TOSI
Individually and in his capacity as Senior Managing Director and Chief Financial Officer , The
Blackstone Group, LP., 345 Park Ave, 31st Floor, New York, NY 10154, U.S.A.

KENNETH C. WHITNEY
Individually and in his capacity as Senior Managing Director and Head of Investor Relations and
Business Development, The Blackstone Group, LP., 345 Park Ave, 31st Floor, New York, NY
10154, U.S.A.

ROBERT L. FRIEDMAN
Individually and in his capacity as Senior Managing Director and Chief Legal Officer, The
Blackstone Group, LP., 345 Park Ave, 31st Floor, New York, NY 10154, U.S.A.

RICHARD JENRETTE
Individually and in his capacity as Director, The Blackstone Group, LP., 345 Park Ave, 31st
Floor, New York, NY 10154, U.S.A.

BRIAN MULRONEY
Individually and in his capacity as Director, The Blackstone Group, LP., 345 Park Ave, 31st
Floor, New York, NY 10154, U.S.A.

JAY LIGHT
Individually and in his capacity as Director, The Blackstone Group, LP., 345 Park Ave, 31st
Floor, New York, NY 10154, U.S.A.

WILLIAM G. PARRETT
Individually and in his capacity as Director, The Blackstone Group, LP., 345 Park Ave, 31st
Floor, New York, NY 10154, U.S.A.

LARRY ALAN BURNS
Individually and in his capacity as Judge, United States District Court Southern District of
California, 880 Front St, San Diego, California 92101, U.S.A and as in USDC Case No.3:11-
CV-01605-LAB-MDD.

W. SAMUEL HAMRICK, JR
Individually and in his capacity as Clerk of Court, United States District Court Southern District of California, 880 Front St, Suite 4290, San Diego, California 92101, U.S.A and as in USDC Case No.3:11-CV-01605-LAB-MDD, USDC Case No.11-CV-1906-JAH (WVG) and USDC Case No. 3-11-CV-1808-JAH (BLM).

THOMAS MONTGOMERY
Individually and in his capacity as County Counsel, Office of County Counsel, County Administration Center, 1600 Pacific Highway, Room 355, San Diego, CA  92101, U.S.A.

ROBERT ADAMS
Individually and in his capacity as arresting and booking officer San Diego Police Department, San Diego, California.

ALAN NICHOLAS
Individually and in his capacity as arresting and booking officer San Diego Police Department, San Diego, California.

E. WISEMAN
Individually and in his capacity as arresting and booking officer San Diego Police Department, San Diego, California.

WILLIAM LANSDOWNE
Individually and in his capacity as Chief of Police, San Diego Police Department, San Diego, California and as in USDC Case No. 11-CV-1906-JAH(WVG) and USDC Case No. 3-11-CV-1808-JAH(BLM).

PAUL COOPER
Individually and in his capacity as counsel to the Chief of Police, San Diego Police Department, San Diego, California and as in USDC Case No. 11-CV-1906-JAH(WVG) and USDC Case No. 3-11-CV-1808-JAH(BLM).

ZACH BRADLEY
Individually and in his capacity as Officer, San Diego Police Department,  1401 Broadway, San Diego, California, U.S.A.

HIME ALVARADO
Individually and in his capacity as Officer, San Diego Police Department,  1401 Broadway, San Diego, California, U.S.A.

R.T. HENRIZI
Individually and in his capacity as Officer, San Diego Police Department,  1401 Broadway, San Diego, California, U.S.A.

P. RORRISON

Individually and in his capacity as Officer, San Diego Police Department, 1401 Broadway, San Diego, California, U.S.A.

U. HARVEY
Individually and in his capacity as Officer, San Diego Police Department, 1401 Broadway, San Diego, California, U.S.A.

KEVIN C. RAUSIS
Individually and in his capacity as Officer, San Diego Police Department, 1401 Broadway, San Diego, California, U.S.A.

KINNEY (MS)
Individually and in her capacity as Officer, San Diego Police Department, 1401 Broadway, San Diego, California, U.S.A.

PATRICK SULLIVAN
Individually and in his capacity as Officer, San Diego Police Department, 1401 Broadway, San Diego, California, U.S.A.

KISTER (MR)
Individually and in his capacity as Officer, San Diego Police Department, 1401 Broadway, San Diego, California, U.S.A.

MICHAEL CASH
Individually and in his capacity as Officer, San Diego Police Department, 1401 Broadway, San Diego, California, U.S.A.

CHRIS BALL
Individually and in his capacity as Officer, San Diego Police Department, 1401 Broadway, San Diego, California, U.S.A.

GUY SWANGER
Individually and in his capacity as Officer, San Diego Police Department, 1401 Broadway, San Diego, California, U.S.A.

JAMES COLLINS
Individually and in his capacity as Officer, San Diego Police Department, 1401 Broadway, San Diego, California, U.S.A.

BOYD LONG
Individually and in his capacity as Officer, San Diego Police Department, 1401 Broadway, San Diego, California, U.S.A.

CESAR SOLIS
Individually and in his capacity as Officer, San Diego Police Department, 1401 Broadway, San Diego, California, U.S.A.

TONY MCELROY
Individually and in his capacity as Officer, San Diego Police Department,  1401 Broadway, San Diego, California, U.S.A.

SARAH CRIEGHTON
Individually and in her capacity as Officer, San Diego Police Department,  1401 Broadway, San Diego, California, U.S.A.

DAVID ROHOWITZ
Individually and in his capacity as Officer, San Diego Police Department,  1401 Broadway, San Diego, California, U.S.A.

K.P. LEWAK
Individually and in his capacity as Officer, San Diego Police Department,  1401 Broadway, San Diego, California, U.S.A.

JAN GOLDSMITH
Individually and in his capacity as City Attorney, Office of City Attorney, City of San Diego, 1200 Third Ave, Suite 1620, San Diego, California, 92101, U.S.A.

ONU OMORDIA
Individually and in her capacity as Attorney, Office of City Attorney, City of San Diego,  1200 Third Ave, Suite 1620, San Diego, California, 92101, U.S.A.

HEILY HERNANDEZ
Individually and in her capacity as Attorney, Office of City Attorney, City of San Diego,  1200 Third Ave, Suite 1620, San Diego, California, 92101, U.S.A.

L. VOGLITANZ
Individually and in her capacity as Attorney, Office of City Attorney, City of San Diego,  1200 Third Ave, Suite 1620, San Diego, California, 92101, U.S.A.

MARYJO LANZAFARE
Individually and in her capacity as Attorney, Office of City Attorney, City of San Diego,  1200 Third Ave, Suite 1620, San Diego, California, 92101, U.S.A.

ANDREW JONES
Individually and in his capacity as Attorney, Office of City Attorney, City of San Diego,  1200 Third Ave, Suite 1620, San Diego, California, 92101, U.S.A.

DAVID GREENBERG
Individually and in his capacity as Attorney, Office of City Attorney, City of San Diego,  1200 Third Ave, Suite 1620, San Diego, California, 92101, U.S.A

TRICIA PUMMIL

Individually and in her capacity as Attorney, Office of City Attorney, City of San Diego, 1200 Third Ave, Suite 1620, San Diego, California, 92101, U.S.A.

TESSA HEUNIS
Individually and in her capacity as Attorney, Office of City Attorney, City of San Diego, 1200 Third Ave, Suite 1620, San Diego, California, 92101, U.S.A.

ANDRES CARNAHAN
Individually and in his/her capacity as Attorney, Office of City Attorney, City of San Diego, 1200 Third Ave, Suite 1620, San Diego, California, 92101, U.S.A.

KRISTI HEIN
Individually and in her capacity as Attorney, Office of City Attorney, City of San Diego, 1200 Third Ave, Suite 1620, San Diego, California, 92101, U.S.A.

MAKINI HAMMOND
Individually and in his/her capacity as Attorney, Office of City Attorney, City of San Diego, 1200 Third Ave, Suite 1620, San Diego, California, 92101, U.S.A.

L. EASTON
Individually and in his/her capacity as Attorney, Office of City Attorney, City of San Diego, 1200 Third Ave, Suite 1620, San Diego, California, 92101, U.S.A.

D. RURLINS
Individually and in his/her capacity as Attorney, Office of City Attorney, City of San Diego, 1200 Third Ave, Suite 1620, San Diego, California, 92101, U.S.A.

M. ROBERTSON
Individually and in his/her capacity as Attorney, Office of City Attorney, City of San Diego, 1200 Third Ave, Suite 1620, San Diego, California, 92101, U.S.A.

S. PARK
Individually and in his/her capacity as Attorney, Office of City Attorney, City of San Diego, 1200 Third Ave, Suite 1620, San Diego, California, 92101, U.S.A.

A.WILBURN
Individually and in his/her capacity as Attorney, Office of City Attorney, City of San Diego, 1200 Third Ave, Suite 1620, San Diego, California, 92101, U.S.A.

LESLIE HARRIS
Individually and in her capacity as Management personnel, Clairemont Square Shopping Center, Clairemont Town Square, 4821 Clairemont Drive (3994 Clairemont Mesa Boulevard), San Diego, California 92117-2700, U.S.A

Co-defendants.

## COMPLAINT FOR DAMAGES

Plaintiff, Chibueze C. Anaeme, pro se states and respectfully files his complaint as follows.

## JURISDICTION AND VENUE

This action is brought pursuant to FTCA 28 U.S.C Sections 1346, 1402, 2401, 2671 et seq. and the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution. The jurisdiction of this court is further invoked pursuant to 28 U.S.C Section 1331 and constitutional and statutory provisions.

Plaintiff pro se further invokes the pendant jurisdiction of this court to hear and decide claims arising out of state law.

## PARTIES

1.Plaintiff is and was at all times relevant herein a black resident of the United States of America, of African origin and a resident of Bernalillo County, State of New Mexico.

2. Defendant, United States of America as is liable for its acts and the acts of its agents and/or co-defendants in aforerecited cause.

3. Individual defendants' agents and/or co-defendants AlliedBarton Security Services, AlliedBarton Security Services, LP, Allied Security Holdings, L.L.C , Blackstone Private Equity and The Blackstone Group, LP collectively named "Allied Blackstone cluster" of San Diego, California, Eight Tower Bridge, 161 Washington St, Suite 600, Conshohocken, PA 19428 and 345 Park Ave, 31st Floor, New York, NY 10154 are corporations engaged in the security services business amongst others in the State of California following FTCA 1346, 1402, 2401, 2422, 2671 et seq. At all times relevant to this complaint these defendants' agents and/or co-defendants acted under color of law, to wit, under color of the statutes, ordinances, regulations, policies and usages of the State of California.

4. Individual co-defendant and/or defendants' agent State of California collectively named "State of California cluster" is a government entity within the meaning of FTCA 28 U.S.C Sections 1346, 1402, 2401, 2402, 2422, 2671 et seq.

5. Individual co-defendant and/or defendants' agent San Diego County California collectively named "San Diego County cluster" is a government entity within the meaning of FTCA 28 U.S.C Sections 1346, 1402, 2401, 2402, 2422, 2671 et seq.

6. Individual co-defendants and/or defendants agent The City of San Diego, California collectively named "City cluster" is a government entity within the meaning of FTCA 28 U.S.C Sections 1346, 1402, 2401, 2402, 2422, 2671 et seq.

7. Individual defendants' agents' and/or co-defendants San Diego Police Department collectively named "San Diego Police cluster" of 1401 Broadway, San Diego, California is a government agency operating within the territorial boundaries of the Federal District of the Southern District of California confounded within FTCA 1346, 1402, 2401, 2422, 2671 et seq. At all times relevant to this complaint this agency acted under color of the law, to wit, under color of the statutes, ordinances, regulations, policies and usages of the State of California.

8. Individual co-defendant and/or defendants' agent Office of County Counsel, 1600 Pacific Highway, Room 355, San Diego, CA 92101, U.S.A collectively named "County Counsel cluster" is a government entity engaged in the practice of law and represents various county agencies in San Diego, California within the meaning of FTCA 28 U.S.C Sections 1346, 1402, 2401, 2402, 2422, 2671 et seq. At all times relevant to this complaint this agency acted under color of the statutes, ordinances, regulations, policies and usages of the State of California.

9. Individual co-defendant and/or defendants' agent Office of The City Attorney, City of San Diego, 1200 Third Ave, Suite 1300, San Diego, California collectively named "City Attorney cluster" is a government entity engaged in the practice of law and represents various municipal agencies in San Diego, California within the meaning of FTCA 28 U.S.C Sections 1346, 1402, 2401, 2402, 2422, 2671 et seq. At all times relevant to this complaint this agency acted under color of the statutes, ordinances, regulations, policies and usages of the State of California.

10. Individual co-defendant and/or defendants' agent Clairemont Square Shopping Center, Clairemont Town Square, 4821 Clairemont Drive (3994 Clairemont Mesa Boulevard), San Diego, California 92117-2700, U.S.A collectively named "Town Square cluster" is a private company engaged in operation of non-residential buildings including but not limited to condominium property management, Real Estate Management Services, Residential Real Estate Property Management companies and Leasing Property Management within meaning of FTCA 28 U.S.C Sections 1346, 1402, 2401, 2402, 2422, 2671 et seq. At all times relevant to this complaint this company acted under color of the statutes, ordinances, regulations, policies and usages of the State of California.

11. Individual defendants' agents and/or co-defendants Terri White, Robert Cross, Melvin Thomason, John Coulson, Woodington, John Doe Lieutenant, Bud E. Bradley, William A. Torzolini, Stephen A. Schwarzman, Hamilton E. James, J. Tomilson Hill, Timothy Coleman, John G. Finley, Bennett J. Goodman, Jonathan D. Gray, Garrett M. Moran, Chad R. Pike, Joan Solotar, John Studzinski, Laurence Tosi, Kenneth C. Whitney, Robert L. Friedman, Richard Jenrette, Jay Light, Brian Mulroney, William G. Parrett, William C. Whitmore, Jack Keane, Michael J. Regan, David I'Buckman, Joe Cunneen, Ann Dibble, Paul Liconi, Lawrence F. Loesch, Fonnie Reagan, Elizabeth Ritts, Steve Somers, and Thomas C. Walton collectively named "Allied Blackstone cluster personnel" and as parties were officers and/or employees of the Blackstone Group, Blackstone Private Equity, AlliedBarton Security Services and Allied Security Holdings, L.L.C aforementioned. At all times relevant to this complaint these defendants' agents and/or co-defendants acted as is applicable under color of the law, under color of the statutes, ordinances, regulations, policies and usages of the State of California.

12. Individual co-defendants and/or defendants' agents Larry Alan Burns and W. Samuel Hamrick, Jr. collectively named " District Court cluster", 880 Front St, San Diego, California, U.S.A are engaged in the practice of law within the meaning of FTCA 28 U.S.C Sections 1346, 1402, 2401, 2402, 2422, 2671 et seq.

13. Individual co-defendant and/or defendants' agent Thomas Montgomery collectively named " County Counsel cluster personnel", 1600 Pacific Highway, Room 355, San Diego, CA 92101 engaged in the practice of law within the meaning of FTCA 28 U.S.C Sections 1346, 1402, 2401, 2402, 2422, 2671 et seq.

14. Individual defendants' agents and/or co-defendants Robert Adams, Alan Nicholas, E. Wiseman, Paul Cooper, William Lansdowne, Zach Bradley, Hime Alvarado, R.T.Henrizi, P. Rorrison, U. Harvey, Kevin C. Rausis, Kinney (Ms), Patrick Sullivan, Kister (Mr), Michael Cash, Chris Ball, Guy Swanger, James Collins, Boyd Long, Cesar Solis, Tony McElroy, Sarah Crieghton, David Rohowitz and K.P. Lewak collectively named "San Diego Police cluster personnel" were officers and/or employees of the San Diego Police Department, San Diego, California, U.S.A. At all times relevant to this complaint these defendants' agents and/or co-defendants acted under color of law, to wit, under color of the statutes, ordinances, regulations, policies and usages of the State of California.

15. Individual co-defendants and/or defendants' agents Jan Goldsmith, Onu Omordia, Heily Hernandez, L. Voglantz, MaryJo Lanzafare, Andrew Jones, David Greenberg, Tricia Pummil, Tessa Heunis, Andres Carnahan, Kristi Hein, Makini Hammond, L. Easton, D. Rurlins, M. Robertson, S. Park and A. Wilburn collectively named " City Attorney cluster personnel" are attorneys and/or employees of the Office of The City Attorney, City of San Diego, California engaged in the practice of law within the meaning of FTCA 28 U.S.C Sections 1346, 1402, 2401, 2402, 2422, 2671 et seq. At all times relevant to this complaint these defendants' agents and/or co-defendants acted as is applicable under color of the statutes, ordinances, regulations, policies and usages of the State of California.

16. Individual co-defendants and/or defendants agents John O'Neill, Deborah Cochran, Graydon "Bud" Wetzler, William Ashley "Lee" Biddle, William Howatt, Faye Detsky and Clyde L. Fuller collectively named " City cluster personnel" are city of San Diego Ethics Commissioners within meaning of  FTCA 28 U.S.C Sections 1346, 1402, 2401, 2402, 2422, 2671 et seq. At all times relevant to this complaint these defendants' agents and/or co-defendants acted as is applicable under color of the statutes, ordinances, regulations, policies and usages of the State of California.

17. Individual co-defendant and/or defendants agent Leslie Harris collectively named "Town Square cluster personnel" is an employee and/or management personnel of Clairemont Square Shopping Center, Clairemont Town Square, 4821 Clairemont Drive (3994 Clairemont Mesa Boulevard), San Diego, California 92117-2700, U.S.A within meaning of  FTCA 28 U.S.C Sections 1346, 1402, 2401, 2402, 2422, 2671 et seq. At all times relevant to this complaint this defendants' agent and/or co-defendant acted as is applicable under color of the statutes, ordinances, regulations, policies and usages of the State of California.

17. The actions and incidents that were resultant of this complaint occurred in San Diego County within the territorial boundaries of the Southern District of California.

18. Plaintiff sues all, defendant, defendants' agents and/or co-defendants in their individual capacities.

CLAIM (COUNT)  I: FALSE ARREST

19. Plaintiff alleges and realleges paragraphs 1 through 18 as paragraphs 1 through 18 of this count as if fully set forth herein.

20. On April 15, 2009 plaintiff was wrongfully arrested and held in custody for allegedly trespassing on chattel at Clairemont Town Square, San Diego, CA by security officers Robert Cross, Melvin Thomason and John Doe male Lieutenant and San Diego Police Department officer Robert Adams. Plaintiff was released from custody subsequently due to medical reasons because his blood pressure was exceedingly and dangerously high.

21. On April 19, 2009 plaintiff was again wrongfully arrested and held in custody for allegedly trespassing on chattel at the Clairemont Town Square, San Diego, CA by security officers Terri White, Woodington and John Coulson of Allied Barton Security Service, San Diego, CA, Alan Nicholas and E. Wiseman officers of San Diego Police Department, San Diego, CA in relation to the aforerecited allegation of April 15, 2009. Plaintiffs' blood pressure was dangerously elevated this time but he was nonetheless recklessly held in custody.

22. Plaintiff had violated no law and defendants' agents and/or co-defendants "Allied Blackstone cluster", "Allied Blackstone cluster personnel", "State of California cluster", ""San Diego County cluster", "San Diego County cluster personnel", "City cluster", "City cluster personnel", "San Diego Police cluster", "San Diego Police cluster personnel", "City Attorney cluster", "City Attorney cluster personnel" , "County Counsel cluster", "County Counsel cluster personnel", "Town Square cluster" and "Town Square cluster personnel" had no probable cause to prove that plaintiff had committed any offense nor did they have any justification or authority whatsoever to harass plaintiff.

23. Although defendants' agents and/or co-defendants "Allied Blackstone cluster personnel" did not have evidence of any violation of the law by the plaintiff, they telephoned the San Diego Police Department for assistance.

24. Individual defendants' agents and/or co-defendants "Allied Blackstone cluster", "Allied Blackstone cluster personnel", "State of California cluster", "San Diego County cluster", "San Diego County cluster personnel", "City cluster", "City cluster personnel", "San Diego Police cluster", "San Diego Police cluster personnel", "City Attorney cluster", "City Attorney cluster personnel" , "County Counsel cluster", "County Counsel cluster personnel", "Town Square cluster" and "Town Square cluster personnel" collectively accused plaintiff of allegedly trespassing on chattel on both occasions aforementioned.

25. Although defendants' agents and/or co-defendants Alan Nicholas, E. Wiseman and Robert Adams lacked probable cause and never witnessed any violation of the law by plaintiff inconcert with the allegations of Terri White, Woodington, John Coulson, Robert Cross, Melvin Thomason, John Doe security officer Lieutenant respectively they placed plaintiff in custody.

26. Without probable cause and any justification whatsoever defendants' agents and/or co-defendants aforerecited including but not limited to Alan Nicholas, W. Wiseman and Robert Adams relying on hearsay and malice charged plaintiff with misdemeanor criminal trespass and transported plaintiff to San Diego Central Jail, San Diego, CA where he was wrongfully held in custody.

27. Plaintiff was singled out by defendants' agents and/or co-defendants aforementioned from all the patrons in the said shopping center. The distinguishing feature of plaintiffs case is the fact that plaintiff is black and, of African origin and voiced his displeasure at been blatantly harassed and intimidated by defendants' agents and/or co-defendants.

28. Defendants' agents and/or co-defendants aforerecited searched plaintiffs' property illegally.

29. Defendants' agents and/or co-defendants aforerecited did not follow proper arrest and booking procedures in violation of the Law Enforcement Code of Conduct to name a few.

30. As a result of this totally unfounded charge that was based on hearsay and malice defendants' agents and/or co-defendants including but not limited to Terri White caused plaintiffs' property of evidence to be damaged as in evidence tampering thus depriving plaintiff of the possession, use and enjoyment of his said property of evidence in violation of.

i) The Evidence Code, the Evidence Rule, Law Enforcement Code of Ethics, Code of Judicial Conduct, State Bar Code, ABA Model Rule, Local Rules, Rules of Civil and Criminal Procedure to name a few.

31. Defendants' agents and/or co-defendants by means of their wrongful detention and/or custody of plaintiff and malicious charge they levied against plaintiff deprived plaintiff of his liberty without due process of the law, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C Section 1983.

32. As a proximate causation of defendants' agents and/or co-defendants "Allied Blackstone cluster", "Allied Blackstone cluster personnel", "State of California cluster", "San Diego County cluster", "San Diego County cluster personnel", "City cluster", "City cluster personnel", "San Diego Police cluster", "San Diego Police cluster personnel", "City Attorney cluster", "City Attorney cluster personnel" , "County Counsel cluster", "County Counsel cluster personnel", "Town Square cluster" and "Town Square cluster personnel" acts in tort, plaintiff suffered damages, compensatory and punitive plus the cost of this action and such other relief in the amount to be proven at trial for which he is entitled to just and fair compensation.

## CLAIM (COUNT 11) : CONSPIRACY

14

33. As and for his second cause of action against individual defendant, defendants' agents and/or co-defendants, plaintiff herein incorporates paragraphs 1 through 31 as though fully set forth herein.

34. As in tort conspiracy defendants' agents and/or co-defendants "Allied Blackstone cluster", "Allied Blackstone cluster personnel", "State of California cluster", "San Diego County cluster", "San Diego County cluster personnel", "City cluster", "City cluster personnel", "San Diego Police cluster", "San Diego Police cluster personnel", "City Attorney cluster", "City Attorney cluster personnel" , "County Counsel cluster", "County Counsel cluster personnel", "Town Square cluster" and "Town Square cluster personnel" as is or are applicable acting in their individual capacities and under color of law conspired together and reached a mutual understanding and acted inconcert to undertake a course of conduct violative of plaintiffs' civil rights.

35. Individual defendants' agents and/or co-defendants Terri White, Robert Cross, Melvin Thomason, Woodington(Mr), John Coulson, John Doe security officer Lieutenant, Alan Nicholas, E. Wiseman and Robert Adams agreed to target plaintiff as criminally trespassing on chattel failing to investigate thoroughly and without prejudice the evidence or lack thereof against plaintiff and agreeing to intentionally and maliciously falsely arrest, harass and intimidate plaintiff as aforerecited.

36. Individual defendants' agents and/or co-defendants "Allied Blackstone cluster", "Allied Blackstone cluster personnel", "State of California cluster", "San Diego County cluster", "San Diego County cluster personnel", "City cluster", "City cluster personnel", "San Diego Police cluster", "San Diego Police cluster personnel", "City Attorney cluster", "City Attorney cluster personnel" , "County Counsel cluster", "County Counsel cluster personnel", "Town Square cluster" and "Town Square cluster personnel" agreed to target plaintiff as criminally trespassing on chattel failing to investigate thoroughly and without prejudice the evidence or lack thereof against plaintiff and agreeing to intentionally and maliciously falsely arrest, harass and intimidate plaintiff as aforerecited.

37. As in tort conspiracy defendants' agents and/or co-defendants as is or are applicable agreed to target plaintiff as criminally trespassing on chattel failing to investigate thoroughly and without prejudice the evidence or lack thereof against plaintiff and agreeing to intentionally and maliciously falsely arrest, harass and intimidate plaintiff as aforerecited.agreed to intentionally fabricate evidence, overlook exculpatory evidence and contrive a false charge against plaintiff and to cause him to be maliciously prosecuted as aforementioned.

38. Defendants' agents and/or co-defendants agreed to interfere with plaintiffs' association.

39. As a proximate causation of the tort conspiracy between defendants' agents and/or co-defendants plaintiff was deprived of his right to be free from unreasonable search and seizures under the Fourth and Fifteenth Amendments and of liberty, without Due Process of law under the Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C Section 1985.

40. As a cause-in-effect of the tort conspiracy between defendants' agents and/or co-defendants plaintiff was deprived of his property and object of evidence in violation of.

i) The Evidence Code, the Evidence Rule, Law Enforcement Code of Ethics, Code of Judicial Conduct, State Bar Code, ABA Model Rule, Local Rules, Rules of Civil and Criminal Procedure to name a few.

41. As a result of the foregoing, plaintiff was damaged in the amount to be established at trial for which he is entitled to just and fair compensation.

<u>CLAIM (COUNT) 111: MALICIOUS PROSECUTION</u>

42. As and for his third cause of action plaintiff alleged and realleges paragraphs 1 through 41 as paragraphs 1 through 41 of this count as if fully set forth herein.

43. On April 15, 2009 plaintiff was wrongfully arrested and held in custody for allegedly trespassing on chattel at Clairemont Town Square, San Diego, CA aforementioned by security officers Robert Cross, Melvin Thomason and John Doe male Lieutenant and San Diego Police Department officer Robert Adams. Plaintiff was released from custody subsequently due to medical reasons because his blood pressure was exceedingly and dangerously high.

44. On April 19, 2009 plaintiff was again wrongfully arrested and held in custody for allegedly trespassing on chattel at the Clairemont Town Square, San Diego, CA by security officers Terri White, Woodington and John Coulson of Allied Barton Security Service, San Diego, CA, Alan Nicholas and E. Wiseman officers of San Diego Police Department, San Diego, CA in relation to the aforerecited allegation of April 15, 2009. Plaintiffs' blood pressure was dangerously elevated this time but he was recklessly held in custody.

45. On or about September 21, 2009 the aforerecited alleged trespass charge in said cause The Superior Court of California Case No M098172, The People of California v. Chibueze C. Anaeme was dismissed.

46. Plaintiff had violated no law and defendants' agents and/or co-defendants "Allied Blackstone cluster", "Allied Blackstone cluster personnel", "State of California cluster", "San Diego County cluster", "San Diego County cluster personnel", "City cluster", "City cluster personnel", "San Diego Police cluster", "San Diego Police cluster personnel", "City Attorney cluster", "City Attorney cluster personnel" , "County Counsel cluster", "County Counsel cluster personnel", "Town Square cluster" and "Town Square cluster personnel" had no probable cause to prove that plaintiff had committed any offense nor did defendants' agents and/or co-defendants have any justification or authority whatsoever to harass, assault, batter, embarrass, injure and humiliate plaintiff.

47. Although defendants' agents and/or co-defendants "Allied Blackstone cluster", "Allied Blackstone cluster personnel", "Town Square cluster" and "Town Square cluster personnel" did not have evidence of any violation of the law by the plaintiff, they telephoned the San Diego Police Department for assistance.

48. Defendants' agents and/or co-defendants "Allied Blackstone cluster", "Allied Blackstone cluster personnel", "State of California cluster", "San Diego County cluster", "San Diego County cluster personnel", "City cluster", "City cluster personnel", "San Diego Police cluster", "San Diego Police cluster personnel", "City Attorney cluster", "City Attorney cluster personnel" , "County Counsel cluster", "County Counsel cluster personnel", "Town Square cluster" and "Town Square cluster personnel" collectively accused plaintiff of allegedly trespassing on chattel on both occasions aforementioned.

49. Although defendants' agents and/or co-defendants Alan Nicholas, E. Wiseman and Robert Adams lacked probable cause and never witnessed any violation of the law by plaintiff inconcert with the allegations of Terri White, Woodington(Mr), John Coulson, Robert Cross, Melvin Thomason, John Doe security officer Lieutenant respectively they placed plaintiff in custody and without probable cause and any justification whatsoever defendants' agents and/or co-defendants Alan Nicholas, W. Wiseman and Robert Adams relying on hearsay and malice charged plaintiff with misdemeanor criminal trespass and transported plaintiff to San Diego County Central Jail, San Diego, CA where he was wrongfully held in custody.

50. Plaintiff was singled out by defendants' agents and/or co-defendants aforementioned from all the patrons in the said shopping center. The distinguishing feature of plaintiffs case is the fact that plaintiff is black and of African origin and voiced his displeasure at been blatantly harassed, intimidated, assaulted, battered and humiliated by defendants' agents and/or co-defendants.

51. Defendants' agents and/or co-defendants aforerecited searched plaintiffs' property illegally.

52. Defendants' agents and/or co-defendants aforerecited did not follow proper arrest and booking procedures in violation of the Law Enforcement Code of Conduct to name a few.

53. As a result of this totally unfounded charge that was based on hearsay and malice defendants' agent and/or co-defendant "Allied Blackstone cluster", "Allied Blackstone cluster personnel", "State of California cluster", "San Diego County cluster", "San Diego County cluster personnel", "City cluster", "City cluster personnel", "San Diego Police cluster", "San Diego Police cluster personnel", "City Attorney cluster", "City Attorney cluster personnel" , "County Counsel cluster", "County Counsel cluster personnel", "Town Square cluster" and "Town Square cluster personnel", Terri White, Woodington(Mr), John Coulson, Robert Cross, Melvin Thomason, John Doe security officer Lieutenant to name a few caused plaintiffs' property of evidence and investigations to be damaged thus depriving plaintiff of the possession, use and enjoyment of his said property.

54. Defendants' agents and/or co-defendants by means of their wrongful detention and/or custody of plaintiff and malicious charge they levied against plaintiff deprived plaintiff of his liberty without due process of the law, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C Section 1983.

55. As a cause-in-effect of the wrongful detention and/or custody of plaintiff and malicious charge levied against plaintiff by defendants' agents and/or co-defendants aforesaid plaintiff was deprived of his property and objects of evidence and investigations in violation of.

17

i) The Evidence Code, the Evidence Rule, Law Enforcement Code of Ethics, Code of Judicial Conduct, State Bar Code, ABA Model Rule, Local Rules, Rules of Civil and Criminal Procedure to name a few.

56. In a desperate and unlawful attempt to convict plaintiff defendants' agents and/or co-defendants "Allied Blackstone cluster", "Allied Blackstone cluster personnel", "State of California cluster", "San Diego County cluster", "San Diego County cluster personnel", "City cluster", "City cluster personnel", "San Diego Police cluster", "San Diego Police cluster personnel", "City Attorney cluster", "City Attorney cluster personnel" , "County Counsel cluster", "County Counsel cluster personnel", "Town Square cluster" and "Town Square cluster personnel" fabricated evidence, overlooked exculpatory evidence and contrived a false charge against plaintiff that caused plaintiff to be maliciously prosecuted.

57. From February 2008 to present as in tort liability individual co-defendants and/or defendants' agents "State of California cluster", "San Diego County cluster", "District Court cluster", "City Attorney cluster", "City Attorney cluster personnel", "City cluster personnel" , "County Counsel cluster", "County Counsel cluster personnel", "San Diego Police cluster" and "San Diego Police cluster personnel" as in tort liability and tort generally injured plaintiff severally including but not limited to malicious falsehood, loss of enjoyment of life, loss of income, loss of property, defamation, fraud, bad faith, judicial misconduct, law enforcement misconduct, police crime, obstruction of justice, retaliation, attempted murder,  property damage, evidence tampering, denial of due process, loss of consortium, denial of proper medical care to name a few in violation of .

i)  The Evidence Code, Evidence Rule, International Immigration laws, Law Enforcement Code of Ethics, American Medical Association Code of Ethics, Code of Judicial Ethics, ABA Model Rule, Rules of Professional Conduct, Rules of Civil and Criminal Procedure, State Bar Act, The Medical Board of California Business and Professions Code, Constitutional and Statutory provisions to name a few as is applicable confounded in FTCA 28 U.S.C Sections 1346, 1402, 2401, 2402, 2422, 2671 et seq.

58. The gravamen of the aforerecited injurious acts in tort generally by "State of California cluster", "San Diego County cluster", "District Court cluster", "City Attorney cluster", "City Attorney cluster personnel", "City cluster personnel",  "San Diego Police cluster", "San Diego Police cluster personnel" including but not limited to injurious court orders  is the inherent fact that the court lacked case knowledge and failed to take judicial notice as pertains to said cause.

59. As a proximate causation of defendants' agents and/or co-defendants acts in tort generally, plaintiff suffered damages, compensatory and punitive plus the cost of this action and such other relief in the amount to be proven at trial for which he is entitled to just and fair compensation.

<u>CLAIM (COUNT) 1V: NEGLIGENCE</u>

60. As and for his fourth cause of action plaintiff incorporates herein by reference all the foregoing paragraphs, 1 through 59 as though the same were fully set forth herein.

61. Defendant, United States of America as party was negligent as it is liable for its acts and the acts of its individual agents and/or co-defendants aforerecited within the meaning of FTCA 28 U.S.C Sections 1346, 1402, 2401, 2402, 2422, 2671 et seq.

62. As in tort negligence individual co-defendants and/or defendants' agents "Allied Blackstone cluster", "Allied Blackstone cluster personnel", "State of California cluster", "District Court cluster", "San Diego County cluster", "San Diego County cluster personnel", "City cluster", "City cluster personnel", "San Diego Police cluster", "San Diego Police cluster personnel", "City Attorney cluster", "City Attorney cluster personnel" , "County Counsel cluster", "County Counsel cluster personnel", "Town Square cluster" and "Town Square cluster personnel" failed to exercise their responsibility and or moral obligation to protect plaintiffs' rights and were involved in, aided and abetted fraudulent, inherently and patently discriminatory, frivolous, reckless, abusive and malicious acts in tort as aforedescribed within meaning of  FTCA 28 U.S.C Sections 1346, 1402, 2401, 2402, 2422, 2671 et seq..

63. Plaintiff suffered and continues to suffer mental anguish and was deprived of his rights as aforerecited.

64. As a cause-in-effect of the aforementioned acts in tort by defendant, co-defendants and/or defendants' agent's, plaintiff was damaged in the amount to be established at trial for which he is entitled to just and fair compensation.

   WHEREFORE, as relief plaintiff respectfully requests that the court find in favor of plaintiff and against the defendant's agents and/or individual co-defendants agents as follows.

   a.  Order defendant, individual co-defendants and/or defendants' agents to make plaintiff whole by providing appropriate back pay with pre-judgment interest, front pay with post-judgment interest and other affirmative relief necessary to eradicate the effects of aforerecited acts sounding in tort.

   b.  Order defendant, individual co-defendants and/or defendants' agents to make plaintiff whole by providing compensation for past and future pecuniary losses resulting from said acts in tort.

   c.  Order defendant, individual co-defendants and/or defendants' agents to make plaintiff whole by providing for past and future non-pecuniary losses resulting from such acts in tort including but not limited to intentional infliction of emotional distress, mental anguish, pain and suffering, humiliation, loss of use of reasonable time, loss of enjoyment of life, loss of consortium to name a few in amounts to be determined at trial.

   d.  Order individual co-defendants and/or defendants' agents as is/are applicable to make plaintiff whole by replacing as soon as possible all investigatory tools they wrongfully damaged during the relevant period.

e.  Award plaintiff reasonable legal fees, attorney's fees', investigatory fees, exemplary damages and costs of this action.

f.  Such other and further relief as the court deems just and proper in the premise

65. Plaintiff suffered and continues to suffer mental anguish and was deprived of his rights.

66. The totality of the aforerecited tortuous acts by defendant, co-defendants and/or defendants' agent's damaged plaintiff in the amount to be established at trial for which he is entitled to just and fair compensation.

## CLAIM (COUNT) V: ABUSIVE LITIGATION

67. As and for his fifth cause of action against individual defendants' agents and/or co-defendants, plaintiff herein incorporates paragraphs 1 through 66 of his complaint as though fully set forth herein.

68. Plaintiff as has been alleged was not engaged in any criminal trespassing or in the commission of any offense(s) contrary to the laws of the State at the time of plaintiffs' arrest or at anytime in the State of California. The charge of trespassing on property was a pretext to provide color for the assault, battery, arrest, humiliation, intimidation, injury and custody of plaintiff for exercising his lawful and constitutional rights.

69. Plaintiff was consistently denied access to his property of evidence designed to facilitate his proving his innocence. Defendants' agents and/or co-defendant Terri White, Alan Nicholas and E. Wiseman knew that there was no legal reason(s) for denying plaintiff such access within the meaning of FTCA 28 U.S.C Sections 1346, 1402, 2401, 2402, 2422, 2671 et seq..

70. Defendants' agents and/or co-defendants aforesaid had ample opportunity to intercede on behalf of plaintiff but refused to do so and agreed to interfere with plaintiffs' association.

71. Defendants' agents and/or co-defendants aforerecited denied plaintiff access to emergency medical treatment despite plaintiffs' life-threatening medical condition in violation of plaintiffs' eight amendment right.

72. Defendants' agents and/or co-defendants Terri White, Woodington(Mr), Robert Cross, John Doe security Lieutenant and Melvin Thomason caused plaintiff severe bodily harm.

73. As a proximate result of the aforedescribed indifferent and malicious acts committed under color of law by defendants' agents and/or co-defendants aforementioned plaintiff suffered grievous bodily injury, was assaulted, battered and choked.

74. Individual defendants' agents and/or co-defendants employing unprovoked and excessive force caused plaintiff extreme agony, pain and severe life-threatening bodily injury such that plaintiff narrowly escaped a deadly injury.

75. Plaintiff was falsely arrested, wrongfully detained and prosecuted based on hearsay and malice.

76. As a direct result of the acts of individual defendants' agents and/or co-defendants hereinabove plaintiff was deprived of his liberty, suffered much anxiety, emotional distress, mental anguish and also suffered great physical pain, much discomfort, embarrassment, infamy, disgrace and humiliation.

77. Plaintiff is entitled to exemplary damages by means of the aggravated circumstances and intentions of defendants' agents and/or individual co-defendants surrounding the arrest, custody and criminal prosecution and to deter defendants' agents and/or individual co-defendants or any other parties from engaging in similar acts.

WHEREFORE, as relief plaintiff respectfully requests that the court find in favor of plaintiff and against the defendant's agents and/or individual co-defendants agents as follows.

a. Order defendant, individual co-defendants and/or defendants' agents to make plaintiff whole by providing appropriate back pay with pre-judgment interest, front pay with post-judgment interest and other affirmative relief necessary to eradicate the effects of aforerecited acts sounding in tort.

b. Order defendant, individual co-defendants and/or defendants' agents to make plaintiff whole by providing compensation for past and future pecuniary losses resulting from said acts in tort.

c. Order defendant, individual co-defendants and/or defendants' agents to make plaintiff whole by providing for past and future non-pecuniary losses resulting from such acts in tort including but not limited to intentional infliction of emotional distress, mental anguish, pain and suffering, humiliation, loss of use of reasonable time, loss of enjoyment of life, loss of consortium to name a few in amounts to be determined at trial.

d. Order individual co-defendants and/or defendants' agents as is/are applicable to make plaintiff whole by replacing as soon as possible all investigatory tools they wrongfully damaged during the relevant period.

e. Award plaintiff reasonable legal fees, attorney's fees', investigatory fees, exemplary damages and costs of this action.

f. Such other and further relief as the court deems just and proper in the premise.

78. Plaintiff suffered and continues to suffer mental anguish and was deprived of his rights.

79. The totality of the aforerecited tortuous acts by defendant, co-defendants and/or defendants' agent's damaged plaintiff in the amount to be established at trial for which he is entitled to just and fair compensation.

## CLAIM (COUNT) V: INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS

80. As and for his fifth cause of action against individual defendants' agents and/or co-defendants, plaintiff herein incorporates paragraphs 1 through 79 of his complaint as though set forth herein.

81. Defendant, United States of America as party and as is liable for its acts and the acts of the individual co-defendants and/or agents aforerecited and within meaning of FTCA 28 U.S.C Sections 1346, 1402, 2401, 2422, 2671 et seq.

82. Defendants' agents and/or co-defendants "Allied Blackstone cluster", "Allied Blackstone cluster personnel", "State of California cluster", "District Court cluster", "San Diego County cluster", "San Diego County cluster personnel", "City cluster", "City cluster personnel", "San Diego Police cluster", "San Diego Police cluster personnel", "City Attorney cluster", "City Attorney cluster personnel" , "County Counsel cluster", "County Counsel cluster personnel", "Town Square cluster" and "Town Square cluster personnel" acts in tort aforerecited was extreme and outrageous as to go beyond all possible bounds of decency and to be regarded as irresponsible, abusive, reckless, prejudicial, capricious, intolerable, blatant, emotionally distressing and mentally anguishing in violation of:

i) The Code of Judicial Conduct, State Bar Act, ABA Model Rules, the Evidence Code, Evidence Rule, Rules of Professional Conduct, Rules of Civil and Criminal Procedure, Constitutional and Statutory provisions, State Public Officers law and Law Enforcement Code of Ethics as pertains to tort negligence and tort generally to name a few as is or are applicable confounded in FTCA 28 U.S.C Sections 1346, 1402, 2401, 2402, 2422, 2671 et seq.

83. The extreme and outrageous acts that Defendants' agents and/or co-defendants  "Allied Blackstone cluster", "Allied Blackstone cluster personnel", "State of California cluster", "District Court cluster", "San Diego County cluster", "San Diego County cluster personnel", "City cluster", "City cluster personnel", "San Diego Police cluster", "San Diego Police cluster personnel", "City Attorney cluster", "City Attorney cluster personnel" , "County Counsel cluster", "County Counsel cluster personnel", "Town Square cluster" and "Town Square cluster personnel" subjected plaintiff to include but not limited to.

    a. Defendants' agents and/or individual co-defendants denied plaintiff access to emergency medical treatment despite plaintiffs' life-threatening medical condition in violation of plaintiffs' eight amendment right.

    b. Defendants' agents and/or individual co-defendants Terri White, Woodington (Mr), Robert Cross, John Doe security Lieutenant, John Coulson and Melvin Thomason assaulted, battered and choked plaintiff and  caused him severe bodily injury.

    c. Defendants' agents and/or co-defendants employing excessive force, unprovoked caused plaintiff extreme agony, pain and severe life-threatening bodily injury such that plaintiff narrowly escaped a deadly injury.

   d. Defendants' agents and/or individual co-defendants wrongfully damaged plaintiffs' objects of evidence and investigatory tools.

   e. Intentional and deliberate lack of proper case knowledge and persistent refusal to take judicial notice by the court(s) which constituted the gravamen of their injurious, irresponsible, frivolous, prejudiced and reckless findings, recommendations, orders, judgment and rulings in point in the applicable United States District Court case(s) aforerecited.

   f. Intentional and deliberate acts by individual co-defendants and/or defendants' agents aforesaid to sabotage plaintiffs' efforts to continue his several other litigation, investigations, personal and professional obligations.

84. Defendants' agents and/or co-defendants extreme and outrageous conduct was intentional, malicious and reckless and confounded in FTCA 28 U.S.C Sections 1346, 1402, 2401, 2422, 2671 et seq.

85. The totality of the circumstances in said malicious acts in tort by defendants', individual co-defendants' and/or defendant agents hereinabove caused plaintiff to suffer intentional emotional distress, mental anguish, loss of enjoyment of life, loss of income, loss of consortium, pain and suffering to name a few proscribed within FTCA 28 U.S.C Sections 1346, 1402, 2401, 2422, 2671 et seq. .

86. Plaintiff hereby requests that the court grant him permission as is necessary to amend his complaint in afore-styled cause following discovery as applicable relevant information become available to him as severally crucial applicable evidence are currently converted by the United States Postal Service, Airport Facility, Albuquerque, New Mexico and Carrollton, Georgia, Franklin Resources, Inc., San Mateo, California and subsidiaries and Franklin Capital Corporation, Salt Lake City, Utah, Bernalillo County Sheriffs' Office, Albuquerque, New Mexico, American Recovery, Albuquerque, New Mexico, Madrid Towing, Albuquerque, New Mexico, FedEx Corporation, Memphis, Tennessee, Law Offices of Gallo and Associates, Los Angeles, California and other locations, AMERCO, Reno, Nevada and U-Haul International, Inc., Phoenix, Arizona, San Diego Police Department, San Diego, California, San Diego Harbor Police Department, San Diego, California, Heritage Security Services, San Diego, California, Fort Heritage Courier Service, San Diego, California, Transit System Security, San Diego, California, C and D Towing Specialists, Inc/McBride, San Diego and La Mesa, California and other locations, Talon Auto Adjusters, La Mesa, California and other locations, Adesa LA Auctioneers, Mira Loma, California, Adesa Corporation, LLC, Mira Loma, California and other locations, Toyota Financial Services Corporation, Torrance, California, Toyota Motor Company U.S.A, Larry Miller American Toyota, Albuquerque, New Mexico, Larry Miller Group of Companies, Salt Lake City, Utah, Public Storage, Glendale, California and Douglasville, Georgia and other locations, Shurgard Storage Centers, Shurgard Self Storage, Duluth, Georgia, Seattle, Washington and other locations, AMERCO, Reno, Nevada and U-Haul International, Inc., Phoenix, Arizona, U-Haul Self Storage Centers, Albuquerque, New Mexico and other locations, Leroy Frank Auctioneers, Phoenix, Arizona, Price Self Storage, LLC. and Price Self

Storage Management, Inc., San Diego, California and other locations, Watson and Taylor Management, Inc., Addison, Texas, El Paso, Texas and other locations/Kennedy-Wilson, Inc., /Behringer Harvard Holdings, LLC., SafeLock Self Storage, South Beach, Oregon and other locations, Valero Energy Corporation/Diamond Shamrock, San Antonio, Texas, Albuquerque, New Mexico and other locations, the United States Postal Service, Airport Facility, Albuquerque, New Mexico and Carrollton, Georgia, other self storage companies and businesses nationwide.

WHEREFORE, plaintiff prays that this court accept his complaint, order the matter scheduled for pre-trial discovery and thereafter order the matter scheduled for trial on the merits. Plaintiff prays for trial by jury on all issues so triable. Plaintiff further prays that after trial on the merits, the court award plaintiff exemplary damages, compensatory damages, costs of this action and attorneys' fees in the appropriate amounts.

Plaintiff further prays that the court grant him such other and further relief as may be just and necessary in the premise.

Respectfully submitted,

Chibueze C. Anaeme
Plaintiff pro se
c/o General Delivery
United States Post Office-Midway Branch
San Diego, California 92138, U.S.A.
Email:nexnns@yahoo.com
Phone: (212)808-0302 (Temporary)

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing COMPLAINT FOR DAMAGES was mailed by U.S First class mail to defendant(s), individual co-defendants and/or defendants' agents, or their counsel of record or registered agent as is applicable on _____, 2012.


_____
Chibueze C. Anaeme
Plaintiff pro se

JS 44 (TXND Rev. 2/10)

RECEIVED
JUN 12 2012
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**CIVIL COVER SHEET** ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Chibueze C. Anaeme

**(b)** County of Residence of First Listed Plaintiff Bernalillo County New Mexico
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number) (212) 808-0301 — Temporary
Chibueze C. Anaeme, Pro se
c/o General Delivery, US Post Office Midway, San Diego, CA 92138

**DEFENDANTS** United States of America
Co-defendants, - Allied Security Holdings,
LLC, Allied Barton Security Service, San Diego
Police Dept. et al.

County of Residence of First Listed Defendant Not Applicable
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
U.S. Attorneys Office
Dallas, Texas

3 12 CV - 1820 M

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☒ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | Tort Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Federal Tort Claims Act (FTCA)
Brief description of cause: Complaint For Damages

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) PENDING OR CLOSED:** (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE June 5, 2012
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



**UNITED STATES POSTAL SERVICE**

**PRIORITI MAIL**

United States Postal Service®
**DELIVERY CONFIRMATION™**

0310 3470 0002 0040 7605

**For Domestic and International Use**

Visit us at usps.com

Any amount of mailable material may be enclosed, as long as the envelope is not modified, and the contents are entirely confined within the envelope with the adhesive provided as the means of closure.

**INTERNATIONAL RESTRICTIONS APPLY:**

**4-POUND WEIGHT LIMIT ON INTERNATIONAL APPLIES**

Customs forms are required. Consult the *International Mail Manual* (IMM) at po.usps.gov or ask a retail associate for details.

CONFIDENTIAL

USPS packaging products have been awarded Cradle to Cradle Certification™ for their ecologically-intelligent design. For more information go to mbdc.com/usps

Cradle to Cradle Certified™ is a certification mark of MBDC.

Please recycle.

Recycled Paper

POSTAGE REQUIRED

U.S. POSTAGE PAID OR SAN DIEGO CA JUN 09 01 12 AMOUNT
**$5.90**
0009546-05

1006   75242

CONFIDENTIAL

RECEIVED
JUN 12 2012

From/Expéditeur:
Chibueze C. Anaeme
% General Delivery
U.S Post Office -Midway Branch
San Diego, CA-92138

To/Destinataire:
Clerks Office
United States District Court.
1100 Commerce Street.
Room 1452
Dallas, Texas 75242
Country of Destination/Pays de destination:

CONFIDENTIAL